1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GEORGE MITCHELL,

         Plaintiff,

    v.

DR. AKBIKE,

         Defendant.

Case No. 1:19-cv-01174-AWI-EPG (PC)

FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED

(ECF NO. 13)

OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE (21) DAYS

     George Mitchell ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the complaint commencing this action on August 28, 2019.  (ECF No. 1).  The Court screened his complaint, found that that Plaintiff failed to state any cognizable claims, provided legal standards, and gave Plaintiff leave to amend on November 5, 2019.  (ECF No. 13).  Plaintiff filed a First Amended Complaint ("FAC") on December 9, 2019, which is before this Court for screening.  (ECF No. 14).

     For the reasons set forth below, the Court recommends that this action be dismissed for failure to state a claim.

     Plaintiff has twenty-one days from the date of service of these findings and recommendations to file his objections.

1   **I.     SCREENING REQUIREMENT**

2          The Court is required to screen complaints brought by prisoners seeking relief against a

3   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

4   The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

5   legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

6   that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

7   § 1915A(b)(1), (2).  As Plaintiff is proceeding *in forma pauperis* (ECF No. 7), the Court may

8   also screen the complaint under 28 U.S.C. § 1915.  "Notwithstanding any filing fee, or any

9   portion thereof, that may have been paid, the court shall dismiss the case at any time if the court

10  determines that the action or appeal fails to state a claim upon which relief may be granted."

11  28 U.S.C. § 1915(e)(2)(B)(ii).

12         A complaint is required to contain "a short and plain statement of the claim showing

13  that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are

14  not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

15  conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

16  Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient

17  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id.

18  (quoting Twombly, 550 U.S. at 570).  The mere possibility of misconduct falls short of meeting

19  this plausibility standard.  Id. at 679.  While a plaintiff's allegations are taken as true, courts

20  "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d

21  677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  Additionally, a

22  plaintiff's legal conclusions are not accepted as true.  Iqbal, 556 U.S. at 678.

23         Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal

24  pleadings drafted by lawyers."  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that

25  *pro se* complaints should continue to be liberally construed after Iqbal).

26  \\\

27  \\\

28  \\\

2

1    **II.    SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT**

2            Plaintiff's First Amended Complaint alleges as follows:

3            Plaintiff's primary care physician, Akbike, does not follow up on Plaintiff's primary

4    care.  Years go by when Plaintiff is referred to a specialist.  They know Plaintiff needs lumbar

5    surgery but does not help him get it.  Plaintiff's back is getting worse.  Also he has pain.

6            C.M.E. Dr. Clearance Cryer has never responded to Plaintiff's care to see what

7    Plaintiff's status is.

8            Plaintiff wants weight loss surgery first so that he will be able to get neurosurgery for

9    his back.  Until then, Plaintiff needs pain medication that really help.  Plaintiff also needs to be

10   seen by a Primary Care Physician once a month.

11           It should be noted that Plaintiff's initial complaint did not contain any claims or

12   descriptions but did include as attachments correspondence with California Correctional Health

13   Care Services.  For example, the headquarters' level response attached to his initial complaint

14   stated as follows in part:

15

16           Your health care grievance package and health record, and all pertinent
         departmental policies and procedures were reviewed.  These records indicate
17       you are enrolled in the Chronic Care Program, where your medical conditions
         and medication needs are closely monitored.  Progress notes indicate there is a
18       plan of care in place and the primary care provider has discussed the plan of care
         with you.  As indicated in the Institutional Level Response, the Medical
19       Authorization Review Committee denied your request for bariatric surgery
         because participation in a dietary program was required.  Additionally, the
20       Committee determined opioid pain medication was not indicated since you were
         functional and managing your activities of daily living.  Medical records
21       indicate you have been prescribed oxcarbazepine, acetaminophen and ibuprofen
         for pain.
22

23           You were evaluated by the registered dietician on January 31, 2019, to discuss
24       methods for weight loss as a prerequisite for bariatric surgery.  You were
         educated on a healthy diet, healthy meal selections and food options in order to
25       assist with weight loss.

26           On February 14, 2019, you were seen by your primary care provider to follow
27       up on your dietician consultation.  You discussed lifestyle changes which
         included diet and regular exercise to facilitate weight loss.  Your medical
28

3

condition will continue to be monitored with care provided as determined medically or clinically indicated by the primary care provider.

(ECF. No. 1, at 15-16).

Plaintiff did not attach this or any other health care correspondence to his First Amended Complaint.

## III.    ANALYSIS OF PLAINTIFF'S CLAIMS

### A.  Section 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983.  "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law").  A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'"  Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "The requisite causal connection may be established when an official sets in motion a 'series of acts by others

4

which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743).  This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

Additionally, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights.  Iqbal, 556 U.S. at 676-77.  In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff.  See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691, 695 (1978).

**B. Deliberate Indifference to Serious Medical Needs in Violation of the Eighth Amendment**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  This requires Plaintiff to show (1) a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) that "the defendant's response to the need was deliberately indifferent." Id. (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (citation and internal quotations marks omitted), overruled on other grounds by WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (*en banc*)).

Deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted).  Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citation omitted).  Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is

1    insufficient to establish an Eighth Amendment violation.  <u>Farmer v. Brennan</u>, 511 U.S. 825,
2    836-37 & n.5 (1994) (citations omitted).

3        A difference of opinion between an inmate and prison medical personnel—or between
4    medical professionals—regarding appropriate medical diagnosis and treatment is not enough to
5    establish a deliberate indifference claim.  <u>Sanchez v. Vild</u>, 891 F.2d 240, 242 (9th Cir. 1989);
6    <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1058 (9th Cir. 2004).  Additionally, "a complaint that a
7    physician has been negligent in diagnosing or treating a medical condition does not state a valid
8    claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not
9    become a constitutional violation merely because the victim is a prisoner."  <u>Estelle</u>, 429 U.S. at
10   106.  To establish a difference of opinion rising to the level of deliberate indifference, a
11   "plaintiff must show that the course of treatment the doctors chose was medically unacceptable
12   under the circumstances."  <u>Jackson v. McIntosh</u>, 90 F.3d 330, 332 (9th Cir. 1996).

13       The Court finds that Plaintiff's complaint fails to state a claim under these legal
14   standards.  Plaintiff does not establish that he has a serious medical need.  He does not describe
15   any of his medical symptoms, or information from a medical professional saying that he had a
16   serious medical need.  Plaintiff says that he wants weight loss surgery, but this statement is not
17   sufficient to establish that he has a serious medical need.  Plaintiff's complaints that he should
18   be seen more often by his doctors do not establish a serious medical need.

19       Plaintiff also does not provide facts that, if true, would establish that any defendant was
20   deliberately indifferent to his serious medical need based on the standards described above.
21   Plaintiff alleges that Dr. Akbike does not help him get lumbar surgery.  However, this does not
22   show that Dr. Akbike believes that Plaintiff needs lumbar surgery and yet purposefully is
23   failing to provide such surgery.  There are no facts that would show, even if true, that doctors
24   Akbike and Cryer did a purposeful act or failed to respond to Plaintiff's pain or possible
25   medical need. Plaintifff's disagreement with his doctors regarding his care does not establish a
26   claim for a constitutional violation of the Cruel and Unusual Punishment clause of the Eighth
27   Amendment.
28   \\\

As the Court stated in its first screening order, while it is possible that allegations that Plaintiff's doctors did not see him sufficiently or refer him to a specialist could potentially state a claim for medical negligence,[1] the allegations do not rise to the level of a constitutional violation.

## IV.   CONCLUSION AND ORDER

The Court has screened the First Amended Complaint and finds that it fails to state any cognizable claims for the reasons described in this order.

The Court does not recommend granting further leave to amend because the Court provided Plaintiff with an opportunity to amend his complaint with the benefit of the legal standards above, and Plaintiff filed his First Amended Complaint with the guidance of those standards.  Further leave to amend would be futile.

Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that:

1.   Plaintiff's First Amended Complaint be dismissed for failure to state a claim; and

2.   The Clerk of Court be directed to close the case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v.

---

[1] Plaintiff does not allege a claim for medical negligence in his complaint and the Court has not analyzed such a claim under the relevant legal standards.  However, the Court notes that such a claim would be based on state law and not subject to this Court's jurisdiction in the absence of a federal claim.  Additionally, California's Government Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues.  Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950–950.2.  Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245 (Cal. 2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).  To state a tort claim against a public entity or employee, a plaintiff must allege compliance with the Government Claims Act.  Bodde, 32 Cal.4th at 1245; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).

1  Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394

2  (9th Cir. 1991)).

3

4  IT IS SO ORDERED.

5    Dated:  **April 21, 2020**                    /s/ Erica P. Grosje

6                                                    UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28